UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BROWN,

    **Plaintiff,**

  v.                                             Case No. 20-cv-1367

MILWAUKEE COUNTY JAIL
and SHERIFF DAVID CLARKE,

    **Defendants.**

## SCREENING ORDER

Plaintiff Michael Brown, who was formerly an inmate at the Drug Abuse Correctional Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law while he was in custody at the Milwaukee County Jail. This matter is now before me on Brown's motion for leave to proceed without prepaying the filing fee and for screening of his complaint.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act ("PLRA") applies to this case because Brown was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 18, 2020 the court ordered Brown to pay an initial partial filing fee of $25.61. (Docket # 5.) Brown paid that fee on October 26, 2020. I will grant Brown's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

2.1 Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that

whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.2 Brown's Allegations

Most of Brown's allegations are substantively identical to the allegations that underly his other lawsuit, 19-cv-1285. In that case, Brown is proceeding against Sheriff David Clarke (also named in this case) for keeping him incarcerated in 2014 despite the alleged lack of a legal basis to do so. But he also includes a brief set of allegations that he was "illegally detained" at the Milwaukee County Jail between June and August 2018 and ultimately released when the district attorney "failed to provide documentation about [his] arrest and/or any criminal charges." (Docket # 1 at 4.)

2.3 Analysis

Brown cannot bring two lawsuits based on the same set of facts. His claims related to being detained at the Milwaukee County Jail in 2014 are already being litigated. Had Brown only included these allegations, I would have dismissed this lawsuit and issued him a strike. But his inclusion of the 2018 allegations means this complaint contains allegations not brought in his other lawsuit. Brown actually started his other lawsuit with allegations about 2018 but then shifted his attention to 2014 when I gave him the opportunity to amend his original complaint in that case, which did not state a claim.

The allegations about his 2018 detention in this complaint also do not state a claim. It appears that Brown is attempting to state a claim under the Fourth Amendment for his

3

allegedly illegal detention. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir.2003) (noting that wrongful detention by a state official is a Fourth Amendment violation actionable under 42 U.S.C. § 1983). However, as with his first complaint in his other lawsuit, this complaint does not state a claim because he has named one improper defendant (the jail) and one defendant against whom he makes no factual allegations (former Sheriff Clarke).

First, as I have explained to Brown before, the Milwaukee County Jail is not a proper defendant. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights, and the jail is not a person and is not subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under § 1983. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978). Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued, and state law determines whether an entity has that capacity. *Webb v. Franklin County Jail*, Case No. 16-cv-1284, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the County. *See Abraham v. Piechowski*, 13 F. Supp.2d 870, 877–79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." *Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004).

And while defendant former Sheriff David Clarke *could* be a proper defendant, Brown does not include any allegations against him in his complaint. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). That is, for liability to attach, the individual defendant must have caused or participated in a constitutional violation. *Hildebrandt v. Illinois*

4

*Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Brown's complaint does not explain how Clarke was involved. If Brown named Clarke as a supervisor because he was the head of the sheriff's department (and the jail), then he should say so. But Brown should also be aware that Clarke being the sheriff is not enough in and of itself. The personal responsibility requirement applies, and, with respect to supervisors, it is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. *Id.* In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). For Brown to name Clarke as a defendant, then, Clarke must have been directly involved in Brown's allegedly unlawful confinement or must have known about and condoned it.

I will give Brown an opportunity to amend his complaint. When writing his amended complaint, Brown should include enough facts to answer to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Brown's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. Brown should focus on the individuals personally involved in his detention.

I am also enclosing a copy of the amended complaint form and instructions. Brown must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to

5

each claim. If the space is not enough, Brown may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Brown must submit his amended complaint by **March 12, 2021** if he wishes to continue with this case. If he fails to do so or ask for more time to do so, I will dismiss his case and issue him a strike under 28 U.S.C. § 1915(g).

**THEREFORE, IT IS ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (Docket # 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that Brown may file an amended complaint that complies with the instructions in this order on or before **March 12, 2021**. If Brown files an amended complaint by the deadline, I will screen the amended complaint under 28 U.S.C. § 1915A. If Brown does not file an amended complaint by the deadline, I will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Brown shall pay the $324.39 balance of the filing fee as he is able.

**IT IS FURTHER ORDERED** that Brown submit the original document for each filing to the court to the following address:

Office of the Clerk

United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge